### THE STATE *v.* ART. ESTES.

GRAND JURY. *Inquisitorial powers.* *Selling liquor to students.* ⟨The Grand Jury have inquisitorial powers in cases of selling liquors to students, of any educational institution, without consent of parent or guardian.

---

FROM MARION.

---

Appeal in error from the Circuit Court of Marion county.    D. C. TREWHITT, J.

ATTORNEY-GENERAL LEA for the State.

SPEARS & SPEARS for Estes.

DEADERICK, C. J., delivered the opinion of the court.

Defendant was presented under section 4862 of the Code, for selling, giving and delivering to W. K. Smith, a student of Houston Academy, vinous and spirituous liquors.

The defendant pleaded in abatement, that the presentment was not founded upon the knowledge of any member of the grand jury, but upon the testimony of a witness sent for and examined by them.

The court, upon the State's refusal to take issue upon the plea, and refusing to overrule the plea, upon motion gave judgment, quashing the presentment and discharging defendant, from which the State appealed.

The question presented is, has the grand jury inquisitorial powers in such a case?

Section 4862 makes it a misdemeanor to sell, give or deliver to a student of any educational institution, any vinous or spirituous liquors, without the consent of his parent, guardian, or person having the care of him.

Section 4863 makes it a misdemeanor to sell or give or deliver liquors to a minor, etc.; and section 4864 makes it a misdemeanor to sell any dangerous weapon to a minor, etc.

Section 5087$a$ provides that the grand jury may send for and examine witnesses in all cases where they suspect a violation of the law against carrying arms, or lewdness, or on the selling, giving, or delivering of liquors or weapons, to minors, as provided under sections 4862, 4863 and 4864 of the Code of Tennessee.

This section may be literally interpreted as authorizing the grand jury to send for witnesses only in cases of selling, etc., to minors, but in order to give it that restricted construction, so far as it relates to section 4862, would require that we should declare its reference to the provisions of said last named section unmeaning. Whereas the obvious purpose of section 4862, which seems to assume that students, etc., are minors under the care of others, was to protect from demoralization the youth at educational institutions who might or might not, for the time being, be under the immediate care of parent or guardian.

And to render this protection more effectual, it is manifest that section 5087*a* intended to give grand juries inquisitorial powers in regard to all the offenses named in sections 4862, 4863 and 4864, for these sections are named as describing the offenses in which the grand jury shall have such power.

And although the act is somewhat ambiguous, we are of opinion that the Legislature, by section 5087*a*, intended and meant to confer on grand juries the power to send for and examine witnesses in the cases of sale, etc., to students under section 4862, as fully as they intended to confer this power in cases arising under the next succeeding section, where the prohibition is against the sale, etc., to a minor, whether he be a student or not.

The judgment of the Circuit Court is, therefore, erroneous and must be reversed, and the cause remanded for a trial upon its merits.